## IN THE OREGON TAX COURT

John A. ESNARD
and Kathleen A. Esnard

*v.*

DEPARTMENT OF REVENUE

(TC 3098)

Gary R. DeFrang, Wetzel DeFrang & Sandor, Portland, represented plaintiffs.

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered November 14, 1991.

### CARL N. BYERS, Judge.

Plaintiffs appeal from assessed income taxes, penalties and interest for the years 1982 through 1986. Plaintiffs did not file timely returns for those years. After unsuccessful attempts to obtain returns, on July 20, 1988, defendant assessed the taxes based on its best information. In September, 1989, plaintiffs filed returns for those years. Since the 90-day appeal period for the assessments had expired, defendant did not treat the returns as such, but as an appeal from the assessments. Defendant subsequently denied the appeal and plaintiffs now appeal to this court.

The issues raised by plaintiffs' appeal are governed by the following statutes:

"(10)    In the case of a failure to file a report or return on the date prescribed therefor (determined with regard to any extension for filing), the department shall determine the tax according to the best of its information and belief, assess the tax plus appropriate penalty and interest, and give written notice of the determination and assessment to the person required to make the filing. * * *

"(11)    Mailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." ORS 305.265.

The issues in this case are: (1) Whether defendant mailed the notices required by the statute, and (2) if the notices were mailed, were they valid?

Mr. Esnard testified he was the one responsible for filing plaintiffs' joint income tax returns. He knew that returns should be filed, but he procrastinated. He was not aware of defendant's assessment of taxes until after defendant initiated collection procedures. He received a notice of levy which triggered a "red light." He could not remember whether he received the notice of levy before or after he filed plaintiffs' returns in September, 1989. He testified that plaintiffs had two audits with the federal government concerning the years involved. Although he did not recall when they received the notices from the federal government, they did appeal the federal action successfully.

Mrs. Esnard testified she was aware that the returns were late when they were filed in the fall of 1989. She first became aware of the tax assessments approximately one to one and a half years ago. Plaintiffs agree defendant's file copies of the assessments show plaintiffs' correct address.

Defendant's primary evidence that the notices were sent is the existence of file copies in its file. Defendant's witnesses testified that defendant has set procedures for attempting to obtain returns from individuals who have not filed. Defendant sends a series of three letters first requesting and then demanding that a taxpayer file returns. If no return is filed, an auditor calculates the tax based upon the best

information available to defendant. The amount of tax, penalties and interest is then keyed into defendant's computer system and a notice of determination and assessment is prepared and mailed to the taxpayer.

In this case, file copies of the letters and notices of determination and assessment in defendant's file constitute evidence that the originals were mailed to plaintiffs. Plaintiffs' counsel pointed out that defendant's records show defendant lost its copy of the first demand letter, Form 267. Since that form letter is used by defendant for further steps in the process, defendant replaced the file copy with another one. Defendant's taxpayer contacts record shows that three demand letters were sent to plaintiffs. In fact, the second letter in the series was sent by certified mail and was signed for by plaintiffs' daughter. Plaintiffs made no serious effort to dispute the mailings of these demand letters. While mailing of the demand letters is not evidence as to whether the notices of assessment were mailed, it is a factor weighed by the court in determining issues of credibility and probabilities.

There was other evidence of the procedures of defendant relating to the computerized process of individual items and mailings. Defendant's witnesses in these areas had no personal knowledge of the taxpayers' assessments or mailings. However, these individuals would have no knowledge of any taxpayer's case since their work is done on a mass-processing level.

**WERE THE NOTICES MAILED?**

Reduced to the fundamentals, plaintiffs claim the notices must not have been mailed because they were never aware of them. Defendant claims that its file copies are tangible evidence that the notices were mailed.

There are several possible explanations of what actually occurred. First, the notices were not mailed. Second, the notices may have been mailed but were delivered to the wrong address and thrown away. Third, the notices were mailed but have been lost in the twilight zone of the U.S. postal system and will resurface in the future. Fourth, the notices were mailed and delivered but the plaintiffs never saw them. Fifth, the notices were mailed and plaintiffs saw them, but plaintiffs believed they could overcome them by filing returns later.

Sixth, the notices were mailed and plaintiffs saw them, but ignored them as they had prior demands and obligations.

■     Of all these possible explanations, only one relieves plaintiffs of the assessment; *i.e.,* if the notices were not mailed. There is no doubt in this case that the notices were correctly addressed. If the notices were mailed, defendant complied with its obligation under the statute. The statute does not require taxpayers to receive the notices.

The court finds plaintiffs' evidence inadequate. Plaintiffs' carefully worded testimony of no "awareness" is different from testifying that the notices were never received. It also appears to the court that plaintiffs avoided giving any testimony with regard to whether the demand letters were received.

Plaintiffs contend that one error by defendant constitutes evidence of possible other errors. The court finds it just as likely defendant was more careful since it had already made one error. Plaintiffs recognize that while individual auditors or administrative assistants work a specific file, the processing of their work is done on a mass-production basis. The computerized processing of correspondence, billings and mailings are all done on a large scale. Defendant has an impressive system of checks and procedures for accuracy and completion. This leaves plaintiffs confronted with the task of proving a negative. Plaintiffs argue that, although mass production may be done correctly for numerous others, in their case defendant erred. However, plaintiffs point to no evidence to support that position. There is no evidence of other complaints like plaintiffs and there is no evidence to suggest that in this one case defendant failed to process what its records indicated were processed.

**IF THE NOTICES WERE SENT, WERE THEY VALID?**

■     If the notices were sent, did they contain the proper information? Plaintiffs dispute the validity of the notices on the grounds the notices did not contain the year of the assessment. Plaintiffs believe defendant's file copies are an exact duplicate of the letters sent to the plaintiffs. Defendant's file copies do not contain a full four-digit year such as "1982" on the face of the copy. However, the evidence showed that defendant's file copies are not the same as the form sent

to the taxpayers. The form sent to the taxpayers did have the year printed on it in full.

As defendant's counsel points out, this is not a case for sympathy. Plaintiffs are educated, knowledgeable individuals. They were aware of their obligation to file income tax returns but did not file them. They were aware others could help them do so, but they did not utilize their assistance. Plaintiffs intimated they did not have the funds to hire an accountant. That is a poor excuse. Plaintiffs' joint incomes would more than justify an expenditure to obtain professional help if they could not prepare their own returns. Finally, the court finds that plaintiffs were aware of the demands by the defendant that they file their income tax returns and plaintiffs did not respond to those demands and requests.

Plaintiffs now seek relief on a technical point of the law. If plaintiffs had proven the facts as claimed, they would be entitled to relief on technical grounds. However, plaintiffs failed to prove their position. They have no equities to rely on.

The court finds that defendant's Opinion and Order No. 90-2704 must be sustained. Defendant to recover costs.